IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| VICKI ARLENE JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV07-400-E-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| SGT. COFFIN, LT. LEWIS, LT. | ) | |
| GREESON, and WARDEN | ) | |
| UNDERWOOD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendants' Motion for Summary Judgement (Docket No. 21). Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motion, briefs, and record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(b).

For the reasons set forth below, the Court has determined that Defendants' Motion for Summary Judgment (Docket No. 21) should be granted.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Vicki Arlene Jensen is an inmate in the custody of the Idaho Department of Correction (IDOC) and is presently incarcerated at the Pocatello Women's Correctional Center (PWCC). In her pro se civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff asserts a First Amendment claim for retaliation.

Plaintiff alleges that Sergeant Coffin discriminated against her on the basis of her housing and employment history when he denied her prison employment on or around March 27, 2006. She further alleges that he threatened and intimidated her when she expressed her intent to grieve the employment denial. Specifically, she alleges that he told her: "You can't grieve this," and "I can stop you from working any job in the facility." Plaintiff then filed two concern forms challenging Sergeant Coffin's employment decision. At the time, the prison concern forms consisted of two carbon copy pages. The white copy is retained by the prison administration for the unit case file and the yellow copy is returned to the inmate with a staff response.

Dissatisfied with the responses she received to her two concern forms, Plaintiff then pursued the next step of the grievance procedure by filing a grievance form. Prison regulations require that inmates attach a copy of their underlying concern form to the grievance form. Plaintiff was unable to obtain additional copies of her concern forms within the grievance filing time line. Plaintiff did not want to attach her yellow copies because she was afraid they would be lost and contends that the PWCC has a notorious history of losing forms. As an alternative, Plaintiff hand-copied the information from her

**MEMORANDUM DECISION AND ORDER - 2**

concern forms, including staff comments and signatures, on to blank concern forms. She identified in the right-hand margins that these concern forms were hand-copies and that she had retained the originals.

After filing her grievance form, Sergeant Coffin recommended that Plaintiff be placed in temporary segregation pending investigation (SPI) for a possible rule violation. Upon this recommendation, Lieutenant Lewis wrote a restrictive housing order placing Plaintiff in segregation pending investigation. A case management team, consisting of Lieutenant Greeson and Sergeant Platt found Plaintiff guilty of the administrative violation of forging official documents (IDOC Discretionary Administrative Violation No. 609). The team found that Plaintiff should have had copies of her concern forms made at the legal department if she did not want to attach her originals. Plaintiff avers that under PWCC policy, copies of concern forms cannot be obtained from the legal department unless the forms are attached to legal pleadings. The case management team then imposed an alternative sanction ordering Plaintiff to handwrite the first three chapters of the Alcoholics Anonymous Big Book word for word.

### STANDARD OF LAW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317,

**MEMORANDUM DECISION AND ORDER - 3**

323-24 (1986). It is not a "disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *See id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988). In addition, the Court "must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving

**MEMORANDUM DECISION AND ORDER - 4**

party to produce evidence sufficient to support a jury verdict in her favor. *Anderson*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show by "affidavits, or by the 'depositions, answers to interrogatories, or admissions on file'" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

Plaintiff brings her retaliation claims under 42 U.S.C. § 1983, the civil rights statute.  To have a claim under § 1983, a plaintiff must show the existence of four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

## DISCUSSION

Within the prison context, a First Amendment retaliation claim must entail the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). A chilling effect on First Amendment rights is enough to state an injury. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Plaintiff alleges that Defendants violated her First Amendment right to file prison

**MEMORANDUM DECISION AND ORDER - 5**

grievances when: (1) Sergeant Coffin threatened her by stating, "You can't grieve this [employment decision]," and "I can stop you from working any job in the facility;" (2) Sergeant Coffin recommended that she be placed in temporary segregation pending investigation for a possible rule violation; (3) she was placed in segregation pending investigation; (4) she was found guilty of the administrative violation of forging an official document; and (5) an alternative sanction was imposed ordering her to copy three chapters of a book. After considering each of the five alleged adverse actions, the Court concludes that the actions, taken both individually and collectively, do not support a claim of retaliation sufficient to survive summary judgment.

Plaintiff contends that Sergeant Coffin's statements to her that "You can't grieve this," and "I can stop you from working any job in the facility" were made in retaliation against her and violated her First Amendment rights. This contention fails because a verbal threat or evidence of a threat to retaliate alone are insufficient to establish a retaliation claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam). Plaintiff has alleged only that Sergeant Coffin told her that she could not grieve his employment decision and that he could prevent her from working any job in the facility. She has not alleged that Sergeant Coffin followed through with any of his threats. Accordingly, the Court finds that Sergeant Coffin's statements alone do not adequately support a claim of retaliation.

Plaintiff's remaining allegations of retaliatory conduct center on her placement in temporary segregation pending investigation into a possible rule violation and consequent

**MEMORANDUM DECISION AND ORDER - 6**

punishment for forging concern forms. Specifically, Plaintiff alleges that she was falsely accused of a rule infraction, unjustly placed in segregation pending investigation, and that the finding of her guilt was an effort to cover-up Sergeant Coffin's retaliatory actions against her. Even assuming for the purpose of summary judgment that triable issues of fact remain as to whether Defendants' actions against Plaintiff were "because of" her filing the grievance against Sergeant Coffin, ultimately Plaintiff cannot succeed on her retaliation claim because she has failed to establish that Defendants' actions "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 568.

IDOC Discretionary Administrative Violation No. 609 prohibits "[c]ounterfeiting, forging, or unauthorized reproduction of any document, including but not limited to, articles of identification, money, security, or official papers." (Docket No. 21, Defendants' Affidavit Ex. E, Pt. 4, p. 14. (IDOC Category of Offenses)).  IDOC Policy allows for segregation pending investigation (SPI), which is defined as "[t]emporary segregation for investigative purposes where a continued presence within the general population may compromise the integrity of the investigation." (*Id*., p. 11. (IDOC Policy Statement on Restrictive Housing 319.02.01.001)). In the present case, Plaintiff copied two of her concern forms, including staff comments and signatures, onto blank concern forms and filed these copies with her grievance form. Plaintiff argues that her conduct did not amount to forgery because she was afraid the prison would lose her originals if she submitted them, she could not obtain copies from the legal department or elsewhere within the prescribed time-limits, and she had clearly identified in the margins that the

**MEMORANDUM DECISION AND ORDER - 7**

documents were hand-copies. For these reasons, Plaintiff argues that Defendants' actions were not carried out for a legitimate purpose, but rather as a concerted effort to retaliate against her.

In asserting a First Amendment retaliation claim, "the prisoner plaintiff 'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (*quoting Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)). Plaintiff's arguments that she had no other alternative but to hand-copy the concern forms or risk losing her originals and that her actions were not fraudulent are not sufficient to satisfy this burden. The fact that Plaintiff was afraid that her only copies of her concern forms could be lost is understandable, but this fear does not negate Plaintiff's obligation to abide by prison rules. Furthermore, there is no indication that an infringement of IDOC Discretionary Administrative Violation No. 609 requires any intent to deceive or defraud.  In support of her argument to the contrary, Plaintiff relies solely on the definition of forgery as set forth in Black's Law Dictionary. However, the definition of forgery contained in Black's Law Dictionary does not govern IDOC internal prison rules. Moreover, irrespective of the precise definition of "forgery" used by IDOC, IDOC Discretionary Administrative Violation No. 609 is also defined as the "unauthorized reproduction of any document" including "official papers." (*See* Docket No. 21 Defendants' Affidavit Ex. E, Pt. 4, p. 14. (IDOC Category of Offenses)). It is undeniable that a concern form with staff comments and signatures is an official paper and that Plaintiff's reproduction of the concern forms

**MEMORANDUM DECISION AND ORDER - 8**

was unauthorized. Thus, it appears that Plaintiff's conduct fell within the purview of IDOC Discretionary Administrative Violation No. 609.

It is clear that prisons have a legitimate penological interest in preventing and punishing forgery and the "unauthorized reproduction" of "official papers." *Id.* This interest advances the well-established legitimate correctional goals of security and the orderly operation of the prison. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (holding that preserving institutional order and security are legitimate penological goals). Allowing inmates to hand-copy official documents and staff signatures in lieu of requiring exact copies of documents could undoubtedly jeopardize institutional order and security, and would impose onerous administrative obligations requiring staff to verify the accuracy and veracity of each hand-copied document.

The Court finds that Plaintiff has failed to establish that Defendants' actions (recommending and placing Plaintiff in temporary segregation, ruling that Plaintiff had infracted IDOC Discretionary Administrative Violation No. 609, and imposing an alternative sanction that Plaintiff copy chapters of a book) did not reasonably advance a legitimate correctional goal. Accordingly, after considering Defendants' alleged adverse actions, taken both individually and collectively, the Court concludes that Plaintiff's First Amendment claim for retaliation fails. Therefore, summary judgment in favor of Defendants is appropriate.

The Court notes that Plaintiff's opposition brief refers to additional acts of alleged retaliation not mentioned in the complaint, *to wit*: her housing reclassification after being

**MEMORANDUM DECISION AND ORDER - 9**

released from SPI, the imposition of multiple unrelated disciplinary offense reports

(DORs), and harassment for filing the present lawsuit. Plaintiff may not for the first time,

through summary judgment opposition briefs, raise these new claims because she did not

raise them in her original complaint and never filed an amended complaint. *See Gilmour*

*v. Gates,* 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that claims raised for the first

time in an opposition to a motion for summary judgment are not properly before a court);

*accord Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Fisher v. Metro.*

*Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1990). Therefore, the Court will not address

these newly asserted claims.

## ORDER

        NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for

Summary Judgment (Docket No. 21) is GRANTED. Judgment dismissing this case with

prejudice shall be entered accordingly.


DATED:  **April 21, 2009**


~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 10**